IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JENNIFER VELEZ,

        Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner, Social Security Administration,

        Defendant.

Case No. 3:17-cv-00307-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    Plaintiff Jennifer Velez brings this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner found plaintiff not disabled under the Act and denied her application for Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is reversed and remanded for further proceedings.

## BACKGROUND

    Plaintiff applied for SSI on May 16, 2012 and was denied on July 10, 2012. She was denied again upon reconsideration on Oct. 30, 2012. She subsequently appeared, unrepresented,

at a hearing before an ALJ on June 20, 2014. The ALJ set the hearing over so plaintiff could attend a consultative examination. The ALJ reconvened the hearing on January 27, 2015; plaintiff testified unrepresented, and a vocational expert ("VE") also testified. The ALJ issued her decision on May 15, 2015, and after the Appeals Council denied review, plaintiff filed a complaint in this Court.

## STANDARDS OF REVIEW

"An ALJ's disability determination should be upheld unless it contains [harmful] legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)) (internal quotation marks omitted). The record must be evaluated as a whole, and the court must weigh "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" *Id.* The court "may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

"The Secretary has established a five-step sequential evaluation process for determining whether a person is disabled." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). At step one, the ALJ found plaintiff has not engaged in "substantial gainful activity" since the alleged disability onset date of Jan. 31, 2012. Tr. 18; 20 C.F.R. §§ 416.920(a)(4)(i), (b). At step two, the ALJ found that plaintiff had "the following severe impairments: morbid obesity, degenerative disc disease status post-surgery, mild disc bulge at L2-3, and chronic pedal edema secondary to history of chronic deep vein thrombosis (DVT)." Tr. 18; *see also* 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 19; *see also* 20 C.F.R. §§ 416.920(a)(4)(iii), (d). The ALJ found plaintiff retained

> the residual functional capacity to perform light work as defined in 20 C[.F.R. §] 416.967(b) with exceptions. She can lift and carry up to ten pounds frequently and 20 pounds occasionally. She can sit for two hours at a time, for up to six hours in an eight-hour workday. She can stand for 30 minutes at a time, for up to two hours in an eight-hour workday. She can walk for one hour, for up to four hours total in an eight-hour workday. She can only occasionally operate foot controls bilaterally. She can occasionally climb ramps or stairs, and she can never climb ramps, ladders or scaffolds. She can occasionally balance, stoop, knee[l], crouch and crawl. She should not work around hazards, including dangerous machinery, or unprotected heights. She can have only occasional exposure to temperature extremes. She also can only have occasional exposure to vibration.

Tr. 20; *see also* 20 C.F.R. § 416.920(e).

Plaintiff's only period of gainful employment from the last fifteen years is when she served as a caregiver for six months while her mother was in hospice. In the written decision,

the ALJ briefly addressed plaintiff's past employment, saying "her job entailed making sure [her mother] took her medications and giving [her mother] meals, but [plaintiff] did not prepare them. [Plaintiff] reported she did not do any lifting and she mainly just spent time with her mother." Tr. 23. At step four, the ALJ concluded that plaintiff "is capable of performing past relevant work as a companion," linking plaintiff's work as a caregiver to Dictionary of Occupation Titles number 309.677-010. Tr. 23. Consequently, the ALJ found plaintiff not disabled as of her application date and denied her application for SSI. Tr. 24.

## DISCUSSION

Plaintiff objects to the ALJ's finding with respect to step four and claims that finding is not based on substantial evidence. Plaintiff's argument is narrow: she does not challenge the ALJ's determination that she was capable of returning to the work she did while serving as her mother's caregiver. Rather, her argument rests on her contention that the companion work does not qualify as past relevant work because she "did not perform substantial duties so as to render this work *substantial* gainful activity." Pl.'s Opening Br. 4 (emphasis in original).

The Social Security regulations define "[p]ast relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 416.960(b). "Substantial gainful activity" is defined as "work activity that involves doing significant physical or mental activities." 20 C.F.R. § 416.972(a). The burden falls on the plaintiff to establish she cannot perform past relevant work. *See Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Therefore, it is plaintiff's burden to show her work as a companion was not "substantial."

Plaintiff highlights 20 C.F.R. § 416.973(c), which outlines situations in which "special conditions" may prevent past work from being "substantial." Examples include

(1) You required and received special assistance from other employees in performing your work;

(2) You were allowed to work irregular hours or take frequent rest periods;

(3) You were provided with special equipment or were assigned work especially suited to your impairment;

(4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;

(5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or

(6) You were given the opportunity to work, despite your impairment, because of family relationship, past association with your employer, or your employer's concern for your welfare.

*Id.*

At the hearing, plaintiff described her caregiving job by explaining

I shared [the job] with my two sisters and they assured me that, you know, that they would make sure that I would be able to put my leg up like every half hour as needed as it was swelling and I would basically just be there for my mother because she had people to bathe her, lift if she needed lifting. She had people to feed her. She had people to give her medication. So it was just basically be there if I need to call somebody as she was dying and just be there to pick up the phone to call to coming to get her body basically.

Tr. 33-34. Moreover, her sisters ensured that plaintiff received all remunerations from the state so she could support herself. Tr. 35. When this description is compared to § 416.973(c) submitted by plaintiff, it appears to me that subsections (1), (2), (4), and (5) would apply.

At the supplemental hearing, the VE made multiple statements regarding plaintiff's ability to perform past related work. First, he posited,

based on Ms. Velez's testimony and also review of [plaintiff's work history], the single occupational title is consistent with companion. This is assigned DOT code 309.677-010; when last updated back in 1988 it was assigned an SVP of 3, and it's been – the SVP level of 3 came about basically due to Medicaid and Medicare payments and they require a certification. That is no longer the case. This industry is largely self-regulated and it is performed consisted with SVP 2

employment. That's been the case for at least ten years and it's assigned the light work exertion level. And that would be consistent with claimant's testimony.

Tr. 36-37. Later, when describing more about the DOT position of companion, he explained that

> the only two essential functions that companions do that's very much in the way of lifting or carrying is there's some meal preparation and sometimes they – they do laundry. And sometimes they actually go shopping and bring back bags. So I'm thinking okay, ten pounds, capping ten pounds for all those three load bearing or lifting, carrying kind of essential functions. And I – I mean I really in particularly in a case or in a hearing where the claimant's not represented I really need to be cautious about my testimony. . . .

> [The job of companion is] defined as light and I think with some employers who are more ambulatory you could – they would be asking to go on walks and doing more outside kind of things and certainly you could be on your feet for more than two hours . . . [.]

Tr. 43.

> In her decision, the ALJ explained that

> [the VE] reported [work as a companion] is considered light exertional work, but the claimant appeared to perform it at a sedentary level, despite its classification to light work. He explained the lifting requirements for this type of work are at the sedentary level, but the work could require being on one[']s feet for more than two hours if the client was quite ambulatory, which would render it light exertional work. He indicated if the client were more bedridden, as was the case with the claimant's work, then the work would be considered sedentary work.

Tr. 23. The ALJ then compared plaintiff's residual functional capacity with "the physical and mental demands of [her] past relevant work as a companion," and concluded that plaintiff could perform the job of companion "as actually and generally performed." Tr. 24.

While the ALJ devoted substantial time to considering whether plaintiff could perform her past work as a caregiver, she did not make any express finding as to the substantiality of the past work. I cannot review a decision by the ALJ without an express finding on this specific issue. Plaintiff makes a compelling argument that the applicable subsections of § 416.973(c) weigh against a finding of substantiality, but I am not in the position to draw that conclusion

without allowing the ALJ to address it in the first instance. I note that remand is particularly appropriate because, had plaintiff been represented at the hearings, it is likely that an attorney would have brought § 416.973(c) to the ALJ's attention. On remand, the ALJ must consider whether the caregiving job is substantial enough to qualify as past relevant work, bearing in mind the § 416.973(c) examples.

## CONCLUSION

The court has discretion to reverse the Commissioner's final decision and remand for further proceedings or to award benefits. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). Accordingly, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.[1]

IT IS SO ORDERED.

Dated this 31 day of January 2018.

_____
Ann Aiken
United States District Judge

---

[1] I express no opinion regarding whether, in the absence of past relevant work, the Social Security grids mandate a partially favorable decision based on plaintiff's age. I leave it to the ALJ to address that argument as necessary on remand.